## IN THE COURT OF APPEALS OF IOWA

No. 15-1921
Filed May 11, 2016

**IN RE THE MARRIAGE OF MICHAEL HANSEN
AND ALMA MONTES**

**Upon the Petition of
MICHAEL HANSEN,**
        Petitioner-Appellant,

**And Concerning
ALMA MONTES,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Buena Vista County, Patrick M.

Carr, Judge.


        A father appeals the physical care provisions of the decree dissolving his

marriage. **AFFIRMED.**



        Adam M. Miller of Miller, Miller, Miller, P.C., Cherokee, for appellant.

        Jason M. Finch of Jason Finch & Associates, Omaha, Nebraska, for

appellee.



        Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Michael Hansen appeals the district court's dissolution decree, which granted Alma Montes physical care of the parties' child. Michael contends he should have been granted physical care because he is more stable, he was the primary caregiver during the pendency of the dissolution proceeding, he is better able to support the child's relationship with Alma, and there is no documented history of abuse or harassment. Alma defends the district court's decision and asks for an award of appellate attorney fees.

In reaching its decision, the district court noted the positive traits of each party along with each party's troubling behavior. In the end, the court concluded Michael would limit Alma's time with the child and restrict Alma's role in the child's life if he were granted physical care. The court found Alma was "more likely to be forthcoming with [Michael] about having maximum contact with the child, and a positive role in the child's life." Because of the employment circumstances of the parties, it was the court's belief Alma would provide most of the direct care of the child if she were granted physical care, whereas Michael would delegate most of the direct care for the child to his family members, particularly his mother. The court ultimately concluded placing the child in Alma's care would be in the child's best interests to bring her "to a full level of physical and emotional well-being."

After our de novo review of the record, and giving deference to the district court's advantage of seeing and hearing the parties testify in person, *see* Iowa Rs. App. P. 6.904(3)(g), 6.907, we agree with the district court's conclusions and

summarily affirm the decision pursuant to Iowa Court Rule 21.26(1)(d) and (e).

Alma is awarded $1000 in appellate attorney fees.

**AFFIRMED.**